UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X

UNITED STATES OF AMERICA,


                -against-                        **MEMORANDUM AND**
                                                 **ORDER**

                                                 20-cr-256(KAM)
TRISTAN TODD.

---------------------------------------X


**MATSUMOTO, United States District Judge:**

            A grand jury of this district returned an indictment

charging defendant Tristan Todd with one count of being a felon

in possession of a firearm, in violation of Title 18, United

States Code, Sections 922(g)(1), 924(a)(2) and 3551 *et seq*.  *See*

Indictment, ECF No. 1.  The grand jury was empaneled on October

10, 2019 and returned its indictment on July 15, 2020, its work

having been interrupted due to the COVID-19 pandemic.  Response

to Motion to Inspect Grand Jury Records ("Govt. Resp."), ECF No.

14 at 3.

            Currently before the court is defendant's motion to

inspect "records and papers used in connection with the

constitution of the Master and Qualified Jury Wheels in this

district," used to select the Grand Jurors who returned the

indictment in this case on July 15, 2020, "pursuant to the Fifth

and Sixth Amendments to the United States Constitution and the

1

Jury Selection and Service Act ('JSSA'), 28 U.S.C. §§ 1867(a) and (f)."  Motion to Inspect Grand Jury Records ("Def. Mot."), ECF No. 9 at 2.  Defendant also moves to dismiss the indictment, alleging generally that it violated the grand jury procedures set out in Title 28 of the United States Code.  *Id.* at 3. Defendant's motion to dismiss the indictment is DENIED without prejudice to refile after inspection of grand jury procedures and records as granted in this Memorandum & Order. *See* 28 U.S.C. § 1867(a) *and* F.R.Crim.P. 12(b)(3)(A)(v).

This court has previously granted in part an essentially identical motion in a separate case where a defendant is also represented by the Federal Defenders of the Eastern District of New York.  The other defendants in that case joined the motion.  *See United States v. Tyshawn Corbett, et al.,* 20-CR-213(KAM), 2020 WL 5803243, at *1 (E.D.N.Y. Aug. 21, 2020), *reconsideration denied sub nom. United States v. Corbett*, No. 20-CR-213(KAM), 2020 WL 5802315 (E.D.N.Y. Sept. 29, 2020).[1]

---

[1]    The government cites to decisions by the court's learned colleagues on similar motions in other cases in this district where defendants sought and received some access to the identical grand jury selection materials at issue in this case.  Gov't Resp. at 4, n.4.  Judge Irizarry ordered the Clerk of the Court to provide to the parties the following data: juror number, race, gender, Hispanic ethnicity, year of birth, zip code, city, county and jury division of the individuals listed in the source lists (the voter registration list and the New York State Department of Motor Vehicles list) and in the Master Jury Wheel from which the Grand Jury was selected. *See United States v. Shader*, 20-cr-202(DLI), ECF No. 16, dated July 17, 2020; *United States v. Helena, et al.*, 20-cr-215(DLI), ECF No. 15, dated July 20, 2020.  Chief Judge Mauskopf ordered the Clerk of the Court to provide to the defendant the same Master Jury Wheel data that Judge Irizarry had ordered produced but did not order production of any source list data. *See United*

The court adopts the background and legal analysis as it pertains to the grand jury from its earlier opinion, *see Corbett,* 2020 WL 5803243, at *2-*4, and further addresses the argument raised by the government that certain requests this court has previously granted in *Corbett* are "not necessary to assessing whether a challenge to the grand jury selection process is warranted under Section 1867 of the JSSA."  Gov't Resp. at 6.

The government specifically challenges the release of information contained in the following Requests as "data from a stage in the jury selection process that follows the creation of the Master Jury Wheel": Request Nos. 2—3 (information regarding any effects of the COVID-19 pandemic on the Jury Plan or the selection of grand juries); No. 4 (concerning vendors involved

---

States v. Plasencia, 20-cr-200(RRM), ECF No. 26, dated August 4, 2020.  In addition, ten judges from this district granted defendants access to the county of residence, zip code, and race and age of individuals on the Master Jury Wheel from which the grand jury was selected. *See United States v. Cruz*, 20-CR-206 (WFK), on July 1, 2020; *United States v. Washington*, 20-CR-236 (WFK), on July 22, 2020; *United States v. Mattis, et al.*, 20-CR-203 (BMC), on July 15, 2020; *United States v. Ayers, et al.*, 20-CR-239 (BMC), on July 22, 2020; *United States v. Fludd*, 20-CR-204 (MKB), on July 16, 2020; United States v. Morrison, et al., 20-CR-216 (AMD), on July 24, 2020; *United States v. Torres*, 20-CR-225 (ARR), on July 27, 2020; *United States v. Adjei*, 20-CR-291 (ARR), on August 19, 2020; *United States v. Harrell, et al.*, 20-CR-240 (CBA), on July 27, 2020; *United States v. Crawford*, 20-CR-224 (PKC), on August 7, 2020; *United States v. O'Sullivan, et al.*, 20-CR-272 (PKC), on August 7, 2020; *United States v. Newton*, 20-CR-307 (PKC), on August 24, 2020; *United States v. Weir*, 20-CR-258 (RRM), on August 18, 2020; *United States v. Ebanks*, 20-CR-254 (NGG), on August 21, 2020; *United States v. Glean*, 20-CR-247 (NGG), on August 21, 2020; *United States v. Williams*, 20-CR-279 (NGG), on August 21, 2020; and *United States v. Arthur*, 20-CR-205 (FB), *United States v. Gunter*, 20-CR-265 (FB), *United States v. McIlwain*, 20-CR-227 (FB), *United States v. Winters*, 20-CR-017 (FB), and *United States v. Alford, et al.*, 20-CR-238 (FB), all on August 28, 2020.

in the creation of the jury wheels);[2] No. 6 (AO-12 and JS-12 forms created to summon grand jurors); No. 7 (existing statistical or demographic analyses); No. 9 (calculation of the proportional representation of counties);[3] No. 10 (procedures related to prospective jurors who did not respond to jury qualification form); No. 11 (number of persons who failed to return completed jury qualification form); No. 12 (number of persons who failed to return a completed juror qualification form and were summoned by the clerk of court to appear and complete the form); No. 14 (number of persons summoned from the qualified jury wheel); No. 16 (qualified jury wheel data); No. 17 (status codes for potential jurors); No. 18 (the juror number for persons who failed to return a completed juror qualification form and were then summoned);[4] No. 19 (juror number for potential grand jurors); No. 21 (juror qualification and summons forms for persons summoned);[5] No. 22 (disposition of each summoned

---

[2]     This court has previously granted Request No. 4 "only to the extent documents are retained that pertain to the *particular* grand jury that returned the June 18, 2020 indictment" and denied the release of documents that pertain to grand juries beyond the one at issue. *Corbett*, 2020 WL 5803243, at *5.

[3]     Request No. 9 was denied in *Corbett, Corbett,* 2020 WL 5803243, at *5, as it requested impermissible creation of data by the Clerk of Court. *United States v. Miller*, 116 F.3d 641, 658 (2d Cir. 1997).

[4]     This information is not retained. *See Corbett*, 2020 WL 5803243, at *5.

[5]     The court noted when granting Request 21 to the extent available in *Corbett* that the Clerk of Court likely does not retain such information. *Corbett*, 2020 WL 5803243, at *5.

potential grand juror in this case); No. 23 (attendance record for each grand juror).[6]  *See id*.

The court has previously ruled that, except for limitations placed on disclosure of Request Nos. 4, 9, 18, 21, and 23, the remainder of the defense's Requests are necessary "to 'aid parties in the preparation of motions challenging jury-selection procedures.'"  *Corbett*, 2020 WL 5803243, at *2 (quoting *Test v. United States*, 420 U.S. 28, 30 (1975) (per curiam)).  *See also United States v. Miller*, 116 F.3d 641, 658 (2d Cir. 1997); *United States v. Rioux*, 97 F.3d 648, 654 (2d Cir. 1996).  The government in this case presents no new legal argument or decisions, controlling or persuasive, that would prompt the court to rule differently here.  The government also presents no new factual argument that, when applied to the existing controlling law, would persuade the court to rule differently in this case.  The government's argument regarding whether the information requested "advance[s] the defendant's assessment of whether the grand jury was selected from a fair cross section of the community" is an argument better raised in opposition, should defendant Todd choose to lodge a "fair cross

---

[6]     The court noted when granting Request 23 to the extent available in *Corbett* that the Clerk of Court likely does not retain such information. *Corbett*, 2020 WL 5803243, at *5.

section"[7] challenge after a review of the grand jury data.  Gov't Resp. at 7.

Because the government offers no new legal or factual argument beyond what it offered in *United States v. Corbett*, the defendant's motion to inspect the documents and procedures relating to the constitution of the district's Master and Qualified Jury Wheels, as listed in Attachment 1 to the declaration of Defendant's expert, Jeffrey Martin, *see* Def's Mot., Exh. A, is GRANTED in part, in order to allow defendant to determine whether to make an informed challenge to the selection of the grand jury.  *Test*, 420 U.S. at 30; *see also Corbett,* 2020 WL 5803243, at *5 (granting access to the same grand jury records and papers)*; United States v. Saipov,* No. S1 17-CR-722 (VSB), 2020 WL 915808, at *3 (S.D.N.Y. Feb. 26, 2020)(granting access to substantially similar grand jury records and papers); *United States v. Simmons,* Memo Endorsement, 20-CR-294 (PKC) (S.D.N.Y. June 24, 2020), ECF No. 11 (endorsing order in *Saipov,* 2020 WL 915808).

---

[7]    The Fifth and Sixth Amendments guarantee a criminal defendant a jury selected from a fair cross section of the community. *Taylor v. Louisiana,* 419 U.S. 522, 530 (1975); *United States v. LaChance,* 788 F.2d 856 (2d Cir. 1986). The JSSA extends this requirement to federal grand juries. 28 U.S.C. § 1861 ("It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes.").

Defendant does not request, and is precluded from accessing, <u>all</u> personally identifying information about jurors, including names, address, and social security numbers, or any other potentially identifying information. *See United States v. Gotti*, 2004 WL 32858, at *10-11 (S.D.N.Y. 2004); *United States v. Hansel*, 70 F. 3d 6, 8 (2d Cir. 1995) (per curiam).

## RULING ON DEFENDANT'S MOTION

Defendant's motion to inspect grand jury selection records is GRANTED in part.  Section 1867(f) entitles defendant "only to records and papers already in existence" but "nothing ... entitles defendants to require the jury administrator to analyze data on their behalf." *Miller*, 116 F.3d at 658.

As itemized below, defendant's requests are granted in part, as they relate to data used to select the Grand Jurors who returned the indictment in this case on July 15, 2020. The number next to the request corresponds to its number in defendant's Attachment 1 of Exhibit A to defendant's motion. For ease of reference, the request is set forth verbatim from defendant's Attachment 1.

## REQUESTS GRANTED

1) The Jury Plan for the Eastern District of New York currently in effect and, if different in any respect, at the time grand jurors were summoned in this case. This Plan is

believed to be the "Jury Selection Plan (As amended October 30, 2006)" effective October 30th, 2006.

ORDER: This request may be moot. As the government noted, Govt. Resp. at pp. 2-3, the Jury Selection Plan of this Court ("Jury Plan"), effective October 30, 2006, was in effect and was utilized at the time the Grand Jury in this case was empaneled. *See* Jury Plan *available at* https://img.nyed.uscourts.gov/files/local_rules/juryplan.pdf*.*

2) A description of any changes from the previous procedures or from the Jury Plan for the grand jury or creation of the grand jury because of the Covid-19 pandemic.

ORDER: This request also may be moot. As the government noted, Govt. Resp. at pp. 2-3, the Jury Selection Plan of this Court ("Jury Plan"), effective October 30, 2006, was in effect and was utilized at the time the Grand Jury in this case was empaneled. *Id.*

3) Any order of the Court that effects the previous procedures or the Jury Plan for the grand jury or creation of the grand jury because of the Covid-19 pandemic.

ORDER: This request also may be moot. As the government noted, Govt. Resp. at pp. 2-3, the Jury Selection Plan of this Court ("Jury Plan"), effective as of October 30, 2006, was in effect and was utilized at the time the Grand Jury in this case was empaneled. *Id.*

4) A description of work done, contact information, and communications with any vendors in the creation of the Master and Qualified Jury Wheels used to summon grand jurors in this case.

ORDER: This request is GRANTED only to the extent documents are retained that pertain to the *particular* grand jury that returned the July 15, 2020 indictment.  The release of documents that are broader in scope, or pertain to grand juries beyond the one at issue, is DENIED.

5) A confirmation that the grand jury in this case was selected from the entire District or, if not, a description of the basis and selection for the grand jury in this case.

ORDER: This request also may be moot as the government noted, Govt. Resp. at pp. 2-3, that the Grand Jury was selected from the entire district pursuant to the Jury Plan.

6) Any AO-12 form or JS-12 form created which relates to the Master Jury Wheel and Qualified Jury Wheel that were used to summon the grand jurors who returned the indictment in this case as required by 28 U.S.C. § 1863(a).

7) Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheel and Qualified Jury Wheel that were used to summon grand jurors in this case with the Jury Plan (especially Section 2), Jury Selection and Service Act and constitutional requirements.

9

ORDER: The Clerk of Court shall provide statistical and demographic data to the extent this information is retained.  If this information is not retained, the Clerk of Court shall provide a description of underlying procedures used pertaining to this data set, and what information, if any, is retained. *See* Jury Plan § 18; *see also* 28 U.S.C. § 1867(f).

8) The date when the Master Jury Wheel that was used to summon grand jurors in this case was refilled as described in the Jury Plan Section 5.

9) The calculation of the proportional representation of counties in the Master Jury Wheel described in the Jury Plan Section 4.

ORDER: This request is DENIED, as it requests analysis by the Jury Administrator.  *Miller*, 116 F.3d 658.

10) The procedures implemented for prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable.

11) The number of persons who failed to return a completed juror qualification form as described in the Jury Plan Section 6.

ORDER: The Clerk of Court shall provide this information to the extent this information is retained.  If this information is not maintained, the Clerk of Court shall provide a description

of underlying procedures used pertaining to this data set, and what information, if any, is retained. *See* Jury Plan § 18; *see also* 28 U.S.C. § 1867(f).

12) The number of persons who failed to return a completed juror qualification form and who were summoned by the clerk to appear before the clerk to fill out a juror qualification form as described in the Jury Plan Section 6.

ORDER: The Clerk of Court shall provide this information to the extent this information is retained.  If this information is not retained, the Clerk of Court shall provide a description of underlying procedures used pertaining to this data set, and what information, if any, is retained. *See* Jury Plan § 18; *see also* 28 U.S.C. § 1867(f).

13) The date when grand jurors were summoned in this case.

14) The number of persons summoned from the Qualified Jury Wheel to be considered as grand jurors in this case.

15) The Master Jury Wheel data as described in the Jury Plan Section 5 in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division.

ORDER: Identifying information, including, but not limited to, names, addresses, telephone numbers, full dates of birth, or social security numbers, shall not be provided to the parties or disclosed to the public.

11

16) The Qualified Jury Wheel data as described in the Jury Plan Section 11 in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division.

ORDER: Identifying information, including, but not limited to, names, addresses, telephone numbers, full dates of birth, or social security numbers, shall not be provided to the parties or disclosed to the public.

17) Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification who either had their qualification form returned by the postal service, did not respond or were disqualified or exempted from jury service as described in the Jury Plan. The data should be in electronic and accessible form that includes Juror Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.

ORDER: The Clerk of Court shall provide this information to the extent this information is retained.  If this information is not retained, the Clerk of Court shall provide a description of underlying procedures used pertaining to this data set, and what information, if any, is retained.  Identifying information, including, but not limited to, names, addresses, telephone

numbers, full dates of birth, or social security numbers, shall
not be provided to the parties or disclosed to the public.

18)  The Juror Number only (and not Name or Street Address)
for persons who failed to return a completed juror qualification
form and who were summoned by the clerk to appear before the
clerk to fill out a juror qualification form as described in the
Jury Plan Section 6.

ORDER: The court is advised that the Clerk of Court does
not summon jurors who failed to return a completed juror
qualification form. Therefore, this information is not
available.

19)  The Juror Number only (and not Name or Street Address)
for persons selected as potential grand jurors in this case.

ORDER: The Clerk of Court shall provide this information to
the extent this information is retained.  If this information is
not retained, the Clerk of Court shall provide a description of
underlying procedures used pertaining to this data set, and what
information, if any, is retained.  *See* Jury Plan § 18; *see also*
28 U.S.C. § 1867(f).  Identifying information, including, but
not limited to, names, addresses, telephone numbers, full dates
of birth, or social security numbers, shall not be provided to
the parties or disclosed to the public.

20)  The source of data in electronic form for the Master
Jury Wheel used to summon grand jurors in this case as described

13

in the Jury Plan Section 4 (voter registration list and list from the New York State Department of Motor Vehicles).  The data should include, as available, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division but not any personal information or information that could be used to identify such as Name or Street Address.

ORDER:  Because the defendants in *United States v. Corbett et al.* indicated that they were already in possession of this source data, the court assumes the same is true here, where defendant is represented by the same Federal Defender's office, and therefore will not order this data to be produced.

21)  The juror qualification and summons forms for persons summoned to potentially become grand jurors in this case.

ORDER: The court is advised that the juror qualification and summons forms are sent to potential grand jurors, however the summons forms are not returned to or retained by the Clerk of Court. The Clerk of Court shall provide this information to the extent this information is retained, including the returned juror qualification forms.  If this information is not retained, the Clerk of Court shall provide a description of underlying procedures used pertaining to this data set, and what information, if any, is retained.  *See* Jury Plan § 18; *see also* 28 U.S.C. § 1867(f).  Identifying information, including, but not limited to, names, addresses, telephone numbers, full dates

14

of birth, or social security numbers, shall not be provided to the parties or disclosed to the public.

22)  The disposition of each summoned potential grand juror in this case as to excusal, deferment, disqualification or selection as described in the Jury Plan.

ORDER: The Clerk of Court shall provide this information to the extent this information is retained.  If this information is not retained, the Clerk of Court shall provide a description of underlying procedures used pertaining to this data set, and what information, if any, is retained.  *See* Jury Plan § 18; *see also* 28 U.S.C. § 1867(f).  Identifying information, including, but not limited to, names, addresses, telephone numbers, full dates of birth, or social security numbers, shall not be provided to the parties or disclosed to the public.

23)  The attendance record and reason for absence by date for each grand juror.

ORDER: The Clerk of Court shall provide this information to the extent this information is maintained.  If this information is not maintained, the Clerk of Court shall provide a description of underlying procedures used pertaining to this data set, and what information, if any, is retained.  *See* Jury Plan § 18; *see also* 28 U.S.C. § 1867(f).  Identifying information, including, but not limited to, names, addresses, telephone numbers, full dates of birth, or social security

15

numbers, shall not be provided to the parties or disclosed to the public.

The court notes that the Clerk of Court does not maintain records of the reasons for the absence of a grand juror.  The United States Attorney's Office for the Eastern District of New York Grand Jury Clerk may have this information.

### PROTECTIVE ORDER

The documents produced pursuant to this Memorandum and Order are subject to the Protective Order set forth herein. 28 U.S.C. § 1867(f); s*ee United States v. Tyshawn Corbett, et al.,* 20-CR-213(KAM), 2020 WL 5803243, at *1 (E.D.N.Y. Aug. 21, 2020); *United States v. Shader,* No. 20-CR-202, 2020 WL 4158059, at *5 (E.D.N.Y. July 17, 2020); *United States v. Pirk*, 281 F. Supp.3d at 346-47 (W.D.N.Y. 2017).  Counsel, their legal staff, experts and consultants are bound by this Protective Order.

1. The materials may be used only by counsel, their legal staff and experts in connection with the preparation and/or litigation of a motion in this case challenging the District's jury selection procedures and may not be disclosed. The materials may not be used for purposes of jury selection, trial, or any other matter other than the preparation and/or litigation of a motion in this case challenging the District's jury selection procedures.

16

2. The materials either must be returned to the Court at the commencement of jury selection, or counsel, their staff, and their experts and consultants must certify that the materials have been destroyed and that no materials have been retained in any duplicative form.

3. The Clerk of the Court shall file a sealed copy of the records on the docket for purposes of maintaining a record of the production.

4. Consistent with 28 U.S.C. § 1867(f), the materials may not be disclosed, shown or distributed in any manner to third parties, except experts and consultants. Similarly, the materials may only be disclosed to individuals who have a need to view the materials "as may be necessary in the preparation or presentation of" a motion to dismiss on the ground of "substantial failure to comply with the provisions of this title in selecting the grand or petit jury." 28 U.S.C. § 1867.

5. Defendant shall not possess the materials at any time, except when reviewing the materials with counsel. The materials may not be carried into or reviewed in any detention facility or residence of the defendant. The materials may be reviewed by defendant, if in custody or under home detention, by whatever approved arrangements can be made with the Bureau of Prisons or Pretrial Services to facilitate any such review,

including video or audio conference procedures that have been utilized during the current COVID-19 pandemic.

6. Every attorney who accesses the materials is personally responsible not only for his or her compliance with this Protective Order, but also his or her client's compliance with the requirements of this Protective Order and compliance by any staff member, expert, or other person who is shown the materials consistent with the parameters of this Memorandum and Order.

**Penalties:** Counsel, their staff, experts, consultants, defendant, and the government are reminded that "[a]ny person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both."  28 U.S.C. § 1867(f).

<u>**CONCLUSION**</u>

For the reasons set forth above, defendant's motion for inspection of grand jury records is granted in part and his motion to dismiss the indictment is denied, without prejudice to renew after inspection of grand jury records and processes.

It is hereby **ORDERED** that the Clerk of the Court, as the custodian of the grand jury records, shall provide to the defense and the government in this case, as soon as practicable but no later than seven (7) business days from the date of this

18

Order, the grand jury records relating to the instant indictment as set forth above in this Memorandum and Order.  The Clerk of the Court is afforded leave to apply for additional time. Defense counsel is directed to serve a copy of this Memorandum and Order upon the Clerk of the Court as soon as practicable.

**SO ORDERED.**

Dated:     October 8, 2020
           Brooklyn, New York

                              _____/s/_____
                              **HON. KIYO A. MATSUMOTO**
                              United States District Judge
                              Eastern District of New York